WILLIS MORTON *v.* W. C. MORRIS.

**Attorney and Client—Professional Confidence—Communications.**

On the trial, A. S. Berry was offered as a witness by the plaintiff below, who proved that within five years the defendant came to him and said he wished him to fix up the title to some land in Indiana as he wanted to pay the plaintiff some money he had advanced to him to start him in the saloon business, that he was indebted to plaintiff for money advanced to him and that he would pay him in land. He also stated that he acted as attorney for appellant and expected to charge him.

Held: That in determining the question, it is necessary to ascertain what is the legal meaning of secret or confidential communications between attorney and client and they are defined to be instructions given for conducting a cause and not any extraneous or impertinent communications. The business of the attorney was to fix up the title to some land in Indiana and the statement that he wished the land to secure the debt to appellee, had no particular relation to the business to be transacted and constituted no part of the instructions necessary to the performance of the professional duty in which Berry was engaged. It was a mere gratis dictum which Berry was under no obligation to keep secret in his character of attorney.

APPEAL FROM CAMPBELL CIRCUIT COURT.

January 18, 1872.

OPINION BY JUDGE PETERS:

This suit was brought by appellee against appellant to recover $440. A sum which appellee alleges he had previously loaned appellant.

On the trial A. S. Berry was offered as a witness by the plaintiff below, who proved that within five years the defendant (below) came to him and said he wished him to fix up the title to some land in Indiana, as he wanted it to pay the plaintiff some money he had advanced to him to start him in the saloon business, that he was indebted to plaintiff for money advanced to him, $300, $400 or $500, he did not remember which sum certainly, but believed, he said, about $400, and he would pay him in land. He also stated he acted as attorney for Morton and expected to charge him.

Appellant then moved the court to exclude the evidence of Berry from the jury, which motion the court overruled. And

the correctness of that ruling of the court is called in question by this appeal.

And it is insisted by appellant that the witness should not have been permitted to prove the communications made to him by appellant, because they were the confidential communications to his attorney by appellant, which are privileged communications.

The rule of law is recognized that a counsel, solicitor or attorney will not be permitted to divulge any matter which has been communicated to him in professional confidence. This, as is said by Starke 2, Vol. 395, is the privilege of the client, and is founded on the policy of the law, which will not permit a person to betray a secret which the law has intrusted to him.

But in determining the question, it is necessary to ascertain what is the legal meaning of secret or confidential communications between attorney and client.

They are defined by Chancellor Kent to be instructions given for conducting a cause, and not for any extraneous or impertinent communications. In this case appellant had no cause in court, nor had the facts proved any pertinency to the business which Berry as attorney was engaged to transact for appellant. The business of the attorney was to fix up the title to some lands in Indiana, and the statement that he wished the land to secure the debt to appellee had no particular relation to the business to be transacted and constituted no part of the instructions necessary to the performance of the professional duty in which Berry was engaged. In the language of Lord Kenyon, it was a mere *gratis dictum* which Berry was under no obligation to keep secret in his character of attorney.

The ruling in this case accords with the opinion of Chancellor Kent in *Riggs v. Denniston, 3 John; cases* 198.

Perceiving no error prejudicial to appellant the judgment must be *affirmed*.

*Hawkins & Boden, for appellant.*

*J. R. Hallam, for appellee.*